NOT FOR PUBLICATION

FILED

MAY 30 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Appellee, v. CATHLEEN ROSELYN CANTLON, Defendant-Appellant. | Nos. 16-30121 16-30190 D.C. No. 9:15-cr-00012-DLC-1 MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, Chief Judge, Presiding

Argued and Submitted May 18, 2017
Seattle, Washington

Before: GOULD and PAEZ, Circuit Judges, and LEMELLE,[**] District Judge.

Cathleen Cantlon ("Cantlon") appeals the district court's order denying her

motion for a new trial following her convictions for (1) interstate mailing of a

firearm, in violation of 18 U.S.C. § 922(e), and (2) possession of a firearm by a

---

[*]        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]        The Honorable Ivan L.R. Lemelle, United States District Judge for the
Eastern District of Louisiana, sitting by designation.

person who has been committed to a mental institution, in violation of 18 U.S.C. § 922(g)(4).  Cantlon argues that the possession conviction is invalid under the Fifth Amendment because the Montana Supreme Court subsequently vacated the underlying commitment order and directed the state district court to dismiss it.  She further argues that the evidence supporting the possession conviction led to prejudicial spillover on the interstate mailing charge during trial.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review for abuse of discretion a district court's denial of a motion for a new trial under Federal Rule of Criminal Procedure 33.  *See United States v. French*, 748 F.3d 922, 934 (9th Cir. 2014); Fed. R. Crim. P. 33.  Applying the law of analogous felon-in-possession cases *United States v. Padilla*, 387 F.3d 1087, 1090–92 (9th Cir. 2004) and *Lewis v. United States*, 445 U.S. 55, 60–65 (1980), the district court ruled that the dismissal of Cantlon's commitment order did not operate retroactively to affect her conviction.  As a result, her conviction was not invalid.  The court also ruled that there was no "prejudicial spillover," reasoning that the undisputed evidence at trial proved the mailing charge "without any reference whatsoever to [Cantlon's] mental health condition."  We agree.

**1**.  In challenging her possession conviction, Cantlon's attempts to distinguish *Padilla* and *Lewis* fail.  As Cantlon's counsel conceded at argument,

2

Cantlon had a right to a jury trial. And we conclude that the Montana trial court's "bare-bone[s]" commitment order was not vacated and dismissed for reasons any less "technical" than those given in *Padilla* and *Lewis*. We agree with Cantlon that the burden of proof is lower in involuntary commitment proceedings: clear and convincing evidence is all that is required to prove the existence of a mental disorder. *See In re R.T.*, 665 P.2d 789, 790 (Mont. 1983). But Cantlon has not explained why that fact should differentiate the instant case, especially in light of the Supreme Court's reading of the "sweeping" text and "broad" purpose of a similar provision in the same statute at issue here. *Lewis*, 445 U.S. at 61, 64–65 (interpreting 18 U.S.C. § 922(g)(1)). At the very least, the district court did not abuse its discretion in applying *Padilla* and *Lewis*.

**2**. Turning to Cantlon's mailing conviction, her argument is likewise unpersuasive. Applying the *Lazarenko* factors, the balance of competing considerations do not support a finding of prejudicial spillover. *See United States v. Lazarenko*, 564 F.3d 1026, 1044 (9th Cir. 2009). The district court did not abuse its discretion in reaching the same conclusion, especially, as the court noted, given the strength of the government's case.

**AFFIRMED**.

3